UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BROADCAST MUSIC, INC.; COTILLION MUSIC, INC.; NANCY HALL STAFFORD, an individual d/b/a TERRY STAFFORD MUSIC CO.; AUDIGRAM SONGS, INC.; UNICHAPPELL MUSIC INC.; CONCORD MUSIC GROUP, INC. d/b/a JONDORA MUSIC, EMI BLACKWOOD MUSIC, INC.; SCARLET MOON MUSIC INC.; BARRY DeVORZON, an individual d/b/a JELINDA MUSIC; SONGS OF UNIVERSAL, INC.; BRADLEY KIRK ARNOLD, ROBERT TODD HARRELL, MATTHEW DARRICK ROBERTS and CHRISTOPHER LEE HENDERSON, a partnership d/b/a ESCATAWPA SONGS; SONY/ATV SONGS d/b/a SONY/ATV TREE PUBLISHING; TAYLOR ALLISON SWIFT, an individual d/b/a TAYLOR SWIFT MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; SAMUEL LOEFFLER and PETER LOEFFLER, a partnership d/b/a SUSHI GRADE MUSIC; THOMAS ALEXANDER HARVEY a/k/a T. ALEX HARVEY, an individual d/b/a PRESHUS CHILD MUSIC COMPANY; MURRAH MUSIC CORPORATION; DAN G. HODGES, an individual d/b/a HUGE OPPORTUNITY MUSIC; WANTE0D WOMAN MUSIC INC., <br><br> Plaintiffs, <br><br> v. <br><br> TTJ'S INC. d/b/a THE SPORT CELLAR a/k/a BOOMERS' SPORTS CELLAR and CLUB 301 and THE GARDEN a/k/a BOOMERS' GARDEN; and JAY B. STARNES, individually, <br><br> Defendants. | Case No. 3:09-CV-460-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs' Motion for Summary Judgment (Docket No. 22). Plaintiffs assert ten claims for willful copyright infringement against Defendants TTJ's Inc. and Jay B. Starnes. Jurisdiction is vested in this Court under 28 U.S.C. 1338(a) and venue is proper under 28 U.S.C. §§ 1400(a). After reviewing the record, the Court will grant Plaintiffs' Motion as outlined below.

## BACKGROUND

Plaintiff Broadcast Music, Inc. is a "performing rights society," which licenses the public performance rights of its affiliated songwriters, composers, and music publishers. The other Plaintiffs own the copyrights for the musical works at issue in this lawsuit. These Plaintiffs possess the exclusive right to authorize public performances of their works. 17 U.S.C. 106(4). They have granted Plaintiff BMI the nonexclusive right to publicly perform their copyrighted works; BMI then licenses the acquired rights to various music users – ranging from radio stations to restaurant/bar owners – and distributes the licensing fees it collects to the copyright owners.

According to Plaintiffs, the Defendants operate The Sports Cellar, where they regularly feature BMI-licensed music without authorization. Since September 1999, BMI has repeatedly informed Defendants of the need to obtain permission for public performances of copyrighted music. But Defendants continue to perform Plaintiffs' copyrighted works. Plaintiffs estimate Defendants would have paid license fees in the

amount of $46,324.25 had Defendants executed a license agreement as requested in 1999. (Stevens Aff., Dkt. 22-11, ¶ 15.)

Plaintiffs seek an injunction prohibiting further unauthorized performance of works within the BMI repertoire, statutory damages in the amount of $3,000 per violation, and attorneys fees and costs, pursuant to the Copyright Act, 17 U.S.C. §§ 502(a), 504(c), and 505. Plaintiffs support their motion with affidavits from BMI's general counsel and its assistant vice president of General Licensing. In addition, Plaintiffs submitted the Certified Infringement Report of Nicci Boots, who BMI hired to visit The Sports Cellar and make a written report of the songs performed.

Defendants failed to respond to Plaintiffs' Motion by the response deadline. On July 30, 2010, the Court entered a Docket Entry Order (Dkt. 28) allowing defense counsel to file a motion to extend the time to respond and an affidavit explaining why the response brief was late. Defendants filed a motion for extension of time on July 2, 2010 (Dkt. 25). The Court granted this motion on July 7, 2010 (Dkt. 28), extending the response deadline from June 17, 2010 to July 14, 2010. The extended deadline has now passed, and Defendants still have not filed a response.

The Court has therefore independently reviewed the record. Based on this review, the Court concludes that Defendants willfully infringed Plaintiffs' copyrights. *See, e.g., Dolman v. Agee* 157 F.3d 708, 715 (9th Cir. 1998); *Controversy Music v. Shiferaw*, 2003 WL 22048519, *2 (N.D.Cal. 2003) (entering default judgment in favor of music publishers on copyright infringement claims). Accordingly, the Court will grant summary

judgment in Plaintiffs' favor on their ten willful copyright infringement claims. In granting summary judgment, the Court finds that Plaintiffs are entitled to a permanent injunction preventing Defendants from further infringing Plaintiffs' copyrights; statutory damages in the amount of $3000 per violation, or $30,000; and full costs and reasonable attorney's fees. The award of attorney's fees and costs shall be set out a separate order following the submission of affidavits detailing the amount of costs and fees billed to Plaintiffs[1], the prevailing rate of reasonable attorney's fees in this area, the relative years of practice of the attorney or attorneys involved, and the type of research involved in cases similar to this one.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Summary Judgment (Dkt. 22) is GRANTED;

2. Defendants are permanently ENJOINED pursuant to 17 U.S.C. § 502(a) from publicly performing, or causing or permitting the public performance of any musical composition licensed through Plaintiff Broadcast Music, Inc. in any premises owned, controlled, or conducted by Defendants, and from aiding or abetting the public performance of said compositions, without authorization;

3. Plaintiffs are awarded statutory damages pursuant to 17 U.S.C. § 504(c)(2)

---

[1] Plaintiffs state they submitted the Affidavit of Brad Miller setting forth the attorney's fees and costs billed to Plaintiffs. (Pls' Mem. at 14.) However, the Court saw nothing in Mr. Miller's affidavit concerning costs and fees.

in the amount of $30,000;

4. Plaintiffs are awarded their full costs pursuant to 17 U.S.C. §505;

5. Plaintiffs are awarded their reasonable attorney's fees pursuant to 17 U.S.C. §505. Plaintiff must submit affidavits detailing the amount of costs and fees billed to Plaintiffs, the prevailing rate of reasonable attorney's fees in this area, the relative years of practice of the attorney or attorneys involved, and the type of research involved in cases similar to this one within 14 days after entry of judgment.

DATED: **July 20, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge