UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BROADCAST MUSIC, INC.; COTILLION MUSIC, INC.; NANCY HALL STAFFORD, an individual d/b/a TERRY STAFFORD MUSIC CO.; AUDIGRAM SONGS, INC.; UNICHAPPELL MUSIC INC.; CONCORD MUSIC GROUP, INC. d/b/a JONDORA MUSIC, EMI BLACKWOOD MUSIC, INC.; SCARLET MOON MUSIC INC.; BARRY DeVORZON, an individual d/b/a JELINDA MUSIC; SONGS OF UNIVERSAL, INC.; BRADLEY KIRK ARNOLD, ROBERT TODD HARRELL, MATTHEW DARRICK ROBERTS and CHRISTOPHER LEE HENDERSON, a partnership d/b/a ESCATAWPA SONGS; SONY/ATV SONGS d/b/a SONY/ATV TREE PUBLISHING; TAYLOR ALLISON SWIFT, an individual d/b/a TAYLOR SWIFT MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; SAMUEL LOEFFLER and PETER LOEFFLER, a partnership d/b/a SUSHI GRADE MUSIC; THOMAS ALEXANDER HARVEY a/k/a T. ALEX HARVEY, an individual d/b/a PRESHUS CHILD MUSIC COMPANY; MURRAH MUSIC CORPORATION; DAN G. HODGES, an individual d/b/a HUGE OPPORTUNITY MUSIC; WANTE0D WOMAN MUSIC INC., <br><br>      Plaintiffs,<br><br>  v.<br><br>TTJ'S INC. d/b/a THE SPORT CELLAR a/k/a BOOMERS' SPORTS CELLAR and CLUB 301 and THE GARDEN a/k/a BOOMERS' GARDEN; and JAY B. STARNES, individually,<br><br>      Defendants. | Case No. 3:09-CV-460-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendants TTJ's Inc. and Jay B. Starnes Motion to Set Aside Judgment. (Dkt. 32.) Plaintiffs filed a complaint against Defendants asserting ten claims for wilful copyright infringement, and the Court granted summary judgment in their favor. (Dkt. 30.) For the reasons expressed below, the Court will deny Defendants' motion to set aside this judgment.

# ANALYSIS

Plaintiffs filed for summary judgment on May 24, 2010. (Dkt. 22.) Defendants' response was due by June 17, 2010. Defendants missed this deadline by nearly two weeks. On June 30, 2010, the Court entered a Docket Entry Order allowing Defendants to file a motion for extension of time and a brief explaining their failure to file a response by the deadline. (Dkt. 25.)

Defendants filed their motion for extension of time to respond to Plaintiffs' motion for summary Judgment on July 2, 2010. (Dkt. 27.) And the Court granted this motion on July 7, 2010, with a Docket Entry Order. (Docket No. 28.) The Court gave Defendants until July 14, 2010 to file their response and gave Plaintiffs until July 28, 2010 to file their reply. (Dkt. 28.)

Defendants did not file a response by the July 14, 2010 deadline. When Defendants failed to file a timely response a second time, the Court conducted an independent review of the record and granted summary judgment in favor of Plaintiffs on

July 20, 2010.  (Dkt. 30.)

Defendants now ask the Court to set aside this judgment.  Inexplicably, Defendants argue that the Court extended the deadline for responding to Plaintiffs' summary judgment motion until July 26, 2010, and therefore the Court's entry of summary judgment in favor on July 20, 2010 was premature.  (Counsel Aff., Dkt. 32-1, ¶ 3.)  As evidence of the Court's supposed order extending the response deadline until July 26, 2010, Defendants refer to an attached Exhibit "A."  *Id.*  But it appears Defendants failed to attached the referenced Exhibit A; therefore the Court is left only to guess why Defendants believe the response deadline was July 26, 2010.[1]  Regardless, Defendants' position that they had until July 26, 2010 to respond to Plaintiffs' motion is directly contradicted by the Court's Docket Entry Order entered on July 7, 2010.  (Dkt. 28.)  This Order clearly set Defendants' response deadline for July 14, 2010.  *Id.*  Therefore, the Court can find no basis to grant Defendants' Motion.

**ORDER**

IT IS THEREFORE ORDERED that Defendants TTJ's Inc. and Jay B. Starnes Motion to Set Aside Judgment (Dkt. 32) is DENIED.

---

[1] *Plaintiffs'* deadline for responding to *Defendants' motion for extension of time* (Dkt. 27) was July 26, 2010.  This deadline was automatically generated by CM/ECF (the "Case Management/Electronic Case Files" system), and appeared on the docket in conjunction with Defendants' motion for extension of time.  (Dkt. 27.)  The Court can only surmise that Defendants somehow believed this automatically generated deadline was an order by the Court granting the motion for extension of time and setting the deadline to respond to Plaintiffs' summary judgment for July 26, 2010.  However, this docket entry had no language indicating it was an order nor any language that Defendants' motion had been granted.  (Dkt. 27.)



DATED: **August 2, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge